# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IZEAR KEGLER, | ) | 1:10-cv-00226-LJO-TAG HC |
| Petitioner, | ) ) ) | FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO |
| v. | ) ) | DISMISS PETITION AS MOOT (Doc. 16) |
| JAMES D. HARTLEY, | ) ) | ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on February 11, 2010, contending that the Board of Parole Hearings ("BPH") had violated his constitutional rights at a January 6, 2009 hearing by finding him not suitable for parole. (Doc. 1, p. 5). Petitioner contends that his due process rights were violated because no evidence supports the BPH decision, that the BPH failed to establish a nexus between certain requisite criteria and his present level of dangerousness, and that two California governors have violated the federal Ex Post Facto Clause by reversing previous BPH grants of parole suitability. (Doc. 1, pp. 5-6). On March 18, 2010, the Court issued an order for Respondent to file an answer. (Doc. 4). June 18, 2010, Respondent filed a notice indicating that Petitioner had been released on parole effective May 18, 2010. (Doc. 13). However, Respondent

did not request dismissal of the petition at that time, nor did Respondent file a response as previously ordered by the Court. Accordingly, on November 19, 2010, the Court issued an order requiring Respondent to either file an answer or a motion to dismiss within twenty days. (Doc. 15). On December 8, 2010, Respondent filed the instant motion to dismiss the petition as moot. (Doc. 16). To date, Petitioner has not filed an opposition.

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondents to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on the claim that the petition is now moot because the relief Petitioner has requested, i.e., release on parole, has already been afforded. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B. The Petition is Moot.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241(c)(3). A

1  habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration"
2  of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991), *quoting*, Preiser v.
3  Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules
4  Governing Section 2254 Cases.  However, the petition must "allege facts concerning the
5  applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific
6  factual allegations that would entitle him to habeas corpus relief if they are true.  O'Bremski v.
7  Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th
8  Cir.1989).  If it may be conclusively determined from the face of the petition that Petitioner is not
9  entitled to relief on the grounds alleged, then the petition must be dismissed.  Rule 4 of the Rules
10 Governing § 2254 Cases[1]; Peterson v. Wilson, 373 F.2d 737, 738 (9th Cir.1967).

11        The case or controversy requirement of Article III of the Federal Constitution deprives the
12 Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70
13 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346,
14 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or
15 the parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478,
16 481, 102 S.Ct. 1181, 1183 (1984).  The Court has not power to decide cases that do not affect the
17 rights of litigants in the case before them.  Defunis v. Odegaard, 416 U.S. 312, 316, 94 S.Ct.
18 1704, 1705 (1974); Mitchell v. Dupnik, 75 F.3d 517, 527-28 (9th Cir. 1996).  "To satisfy the
19 Article III case or controversy requirement, a litigant must have suffered some actual injury that
20 can be redressed by a favorable judicial decision."  Iron Arrow, 464 U.S. at 70, 104 S.Ct. at 375;
21 Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38, 96 S.Ct. 1617, 1924 (1976);
22 NAACP, Western Region, 743 F.2d at 1353.

23        Here, the petition contends that Petitioner was convicted in 1976 for first degree murder
24 and sentenced to a term of seven years to life in prison.  (Doc. 1, p. 1).  Petitioner does not
25 challenge either his conviction or sentence.  Rather, Petitioner filed the instant petition
26 challenging the determination of the BPH at a January 6, 2009 hearing that Petitioner was not

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

1  suitable for parole, alleging that Petitioner's due process rights were violated by the BPH's
2  decision.  Without making an express request in the petition, the only relief implied in the
3  petition by Petitioner is release on parole.
4      In Respondent's motion to dismiss, Respondent has submitted documents establishing
5  that, on December 10, 2009, at a subsequent parole consideration hearing, the BPH found
6  Petitioner suitable for parole, subject to review by the governor.  (Doc. 16, Ex. 1).  On May 7,
7  2010, the governor declined to review the BPH's grant of parole.  (Doc. 16, Ex. 2).  On May 18,
8  2010, Petitioner was released on parole, where he remains, thereby rendering Petitioner's sole
9  complaint in these proceedings–i.e., denial of his constitutional right to be released on
10 parole–moot.  (Doc. 16, Ex. 3).  There is no further relief the Court can grant to Petitioner.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's Motion to Dismiss (Doc. 13), be GRANTED and that the Petition for Writ of Habeas Corpus (Doc. 1), be DISMISSED as MOOT .

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 4, 2011**                    /s/ Jennifer L. Thurston
                                              UNITED STATES MAGISTRATE JUDGE

4